# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21545-MC-WILLIAMS/TORRES

IN RE APPLICATION OF MTS BANK,
PURSUANT TO 28 U.S.C. § 1782,
FOR JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE FOR USE
IN A FOREIGN AND INTERNATIONAL
PROCEEDING.
_____/

## ORDER ON MOTION TO AUTHORIZE A JURISDICTIONAL DEPOSITION

This matter is before the Court on MTS Bank's ("MTS") motion to authorize a jurisdictional deposition of Alexander Pleshakov's ("Mr. Pleshakov"). On May 22, 2018, Mr. Pleshakov responded to MTS's motion [D.E. 41], to which MTS did not reply. Therefore, MTS's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, MTS's motion is **GRANTED.**

## *I.   BACKGROUND*

MTS is a foreign bank registered in the Russian Federation. MTS had prior business and financial dealings with a private Russian airline company, commonly referred to as Transaero – a company also registered in the Russian Federation. Transaero is currently the subject of bankruptcy proceedings pending in Arbitrazh Court in Saint Petersburg, Russia. MTS is a creditor of Transaero, who was notified of the Russian bankruptcy, filed a claim in bankruptcy, and is a party to those proceedings.

Mr. Pleshakov is the founder and a former CEO of Transaero. Alongside his spouse Olga Pleshakov and his mother Tatiana Anodina, Mr. Pleshakov has been the majority shareholder of Transaero. The family also indirectly owned Transaero's shares through various entities, including Sky Stream Corporation, a company registered in the British Virgin Islands. In 2010, Mr. Pleshakov founded Sky Ocean, a Florida profit corporation. Sky Ocean was wholly owned by Sky Stream, which in turn was wholly owned by Mr. Pleshakov.

In 2010, Transaero's management approached MTS to open a line of credit for the purpose of expanding commercial operations. Mr. Pleshakov signed Transaero's financial reports and allegedly made representations of the company's financial stability. Olga Pleshakov and Alexander Krinichansky negotiated the loans and purportedly assured MTS of the company's solvency and signed the loan agreements on the company's behalf. MTS then issued the initial line of credit to Transaero in 2010, and subsequent loans were extended each year until its sudden bankruptcy in 2015. In November 2010, two months after MTS opened its initial line of credit to Transaero, Sky Ocean purchased a multi-million dollar property at 2700 N. Ocean Drive, Unit 702A, Rivera Beach, Palm Beach County, Florida 33404 (the "Rivera Beach property"). The cost of maintaining the Rivera beach property was between $150,000 and $200,000 per year. At all relevant times, Mr. Pleshakov was purportedly an officer of Sky Ocean. And Transaero's major shareholder Sky

Stream was the parent company and the sole shareholder of Sky Ocean. Sky Stream is wholly owned by Mr. Pleshakov.[1]

At the time of filing the bankruptcy petition, Transero owed MTS over fifty-seven million U.S. dollars and the debt remains unpaid while the bankruptcy case remains pending. Following the bankruptcy application, MTS Bank supposedly conducted a forensic audit of Transaero's accounting records and documents submitted in support of the credit line applications. The audit allegedly revealed widespread falsifications of data and hidden operational losses in Transaero's financials. The funds obtained from creditors were purportedly siphoned out of Transaero through creative financial structures, accounting loopholes, and payments of unlawfully inflated dividends to Transaero's shareholders, including Mr. Pleshakov and Sky Stream.

On April 26, 2017, MTS filed an *ex parte* application to obtain evidence from persons and custodians of records in Florida for use in the Russian bankruptcy court and in a contemplated civil action against Transaero's former directors and shareholders in the British Virgin Islands and/or Russia for debt recovery, securities fraud, civil money laundering, conversion, and other claims. [D.E. 1]. MTS is seeking to obtain documents and to depose Mr. Pleshakov on issues related to irregularities in financial statements, payments of dividends, transfers of funds received from MTS to personal U.S. based accounts and reinvestment in U.S.

---

[1] According to MTS, Sky Stream has allegedly been the sole shareholder of Sky Ocean until January 1, 2016, and Mr. Pleshakov is currently the sole shareholder of Sky Ocean.

businesses. [D.E. 3-2]. The subpoenas in this case specify the areas of questioning and list specific documents that have been requested.

MTS is also seeking to depose a corporate representative of Sky Ocean to explore Sky Ocean's relationship to Transaero's shareholders, Mr. Pleshakov and Sky Stream, the corporate structure of the entities affiliated with Transaero, the reinvestment of MTS's funds in the Rivera Beach property, and any unlawful diversion of MTS's funds from a legitimate aviation company's activities to U.S. based personal bank accounts, businesses, and Florida real estate. MTS expects the discovery to supplement Transaero's financial records and reveal that Sky Ocean was used as a vehicle for reinvestment of illegally gotten funds.

Additional subpoenas have been issued to Bank of America, Chase Bank, Citibank, TD Bank, and Wells Fargo Bank (the "Florida Banks") named in the application seeking banking records that are expected to reflect monetary flows to U.S. based personal and business accounts of the Pleshakov's. The documents are allegedly necessary to trace the disposition of MTS's funds because the Pleshakov's purportedly signed Transaero's fraudulent accounting reports, loan applications, and received funds from Transaero in the form of inflated dividends.

On April 26, 2017, MTS commenced this 28 U.S.C. 1782 action by filing an application to obtain evidence in Florida from Mr. Pleshakov and others to be used in the Transaero Bankruptcy case, and in other contemplated civil actions in the British Virgin Islands and/or Russia. On June 6, 2017, the Court granted the application. Then, on June 28, 2017, Sky Ocean and Mr. Pleshakov filed a joint

motion to vacate and quash subpoenas. MTS opposed the motion, and requested the Court to allow limited discovery in order to establish facts related to Mr. Pleshakov's residence and activities in Florida, in the event that the evidence proffered was insufficient to satisfy the jurisdictional requirement of 28 U.S.C. §1782. On August 1, 2017, the Court denied the motion as to Sky Ocean and permitted MTS to conduct limited jurisdictional discovery to establish facts that Mr. Pleshakov resides or can be found in this district. This order was later appealed but the Court affirmed it on January 31, 2018.

## II. ANALYSIS

Mr. Pleshakov concedes that the Court authorized limited jurisdictional discovery, to establish whether or not he resides or can be found in this district. [D.E. 41]. However, Mr. Pleshakov contends that there is no need for a deposition, because MTS has failed to allege facts establishing a prima facie case that Mr. Pleshakov resides or can be found in this district. *Id.* In support of this contention, Mr. Pleshakov claims that "there are no documents relating to him holding a lien on real property in Florida." *Id.* Mr. Pleshakov also reasons that "a prima facie case requires non-conclusory fact specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16 (2d Cir. 2015); *see also Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d. Cir. 1998) (relying on the premise that non-fact-specific jurisdictional allegations are needed to establish a prima facie case).

5

Mr. Pleshakov further argues that MTS cited several cases that offer little or no support for a jurisdictional deposition. [D.E. 41]. When courts have permitted jurisdictional discovery, "that discovery has been limited to alleged facts suggesting with reasonable particularity the possible existence of the requisite contacts between the party and the forum." *Id.*; *see JMA, Inc. v. Biotronik SE & Co. KG*, 2014 WL 4906398, at *5 (S.D. Fla. Apr. 4, 2013) (stating that "the purpose of jurisdictional discovery is to ascertain the truth of the allegations or fact underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction."). Mr. Pleshakov also claims that he does not reside in the United States, and has not visited the United States in several years. [D.E. 41]. And he argues that MTS is fully aware that the address listed in Sunny Isles Beach, Florida belongs to Arkadiy Kats. *Id.* Thus, Mr. Pleshakov concludes that a jurisdictional deposition is inappropriate because MTS has failed to produce any evidence that shows that he resides or can be found in this district. *Id.*

MTS argues that "although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd—Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). MTS also claims that it should not be bound by Mr. Pleshakov's two self-serving affidavits to establish whether Mr. Pleshakov resides in this district. [D.E. 40]; *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2001) (stating

6

that plaintiff should not be bound solely by the contents of self-serving affidavits or Defendant's conclusions that the contacts disclosed are insufficient to establish jurisdiction). MTS also suggests that the use of a deposition is "particularly appropriate where, as here, the party is not disclosing its address while aggressively disputing the substitute service." [D.E. 40]; *see, e.g., United States v. Agnew*, 80 F.R.D. 506, 508 (S.D. Fla. 1978) (stating that where it may be necessary to resolve jurisdictional disputes, the taking of testimony may be appropriate).

There is no dispute that there is a jurisdictional disagreement between the parties, because Mr. Pleshakov indicates in his affidavits that he resides in Azerbaijan and the European Union. [D.E. 14-1]. There are also issues of fact on whether Mr. Pleshakov conducts business in Florida, and whether he maintains a residence or otherwise resides within 100 miles of Miami, Florida. [D.E. 40]. While Mr. Pleshakov claims that he does not conduct business in Florida, there is evidence to suggest that he is the sole and rightful owner of Sky Stream, which is the sole and rightful owner of Sky Ocean operating in Florida. [D.E. 3-3]. Mr. Pleshakov is also one of the directors of Sky Ocean. [D.E. 40].

Regarding the issues of fact pertaining to whether Mr. Pleshakov maintains a residence or otherwise resides within 100 miles of Miami, Mr. Pleshakov has denied these allegations. [D.E. 14-1]. However, a prior judgement in the Eastern Carribean Supreme Court Territory of the Virgin Islands states that "$4 million was spent upon acquisition of an apartment in Miami for the use of Mr. Pleshakov." [D.E. 3-3]. Because there are so many issues of fact on where Mr. Pleshakov resides, MTS

7

intends to question Mr. Pleshakov on his "ties to and activity in Florida." [D.E. 40]. MTS has even offered a reasonable accommodation for Mr. Pleshakov's deposition, such that Mr. Pleshakov may choose to participate in the the deposition remotely via videoconferencing. *Id.*

28 U.S.C. §1782 states that:

"[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations."

Therefore, in the interests of justice, MTS's motion to authorize a jurisdictional deposition is **GRANTED**. As we previously determined, "MTS should be at least afforded a chance to establish sufficient facts that establish that Mr. Pleshakov resides or can be found in this district." *In re Application of MTS Bank*, 2017 WL 3276879, at *6 (S.D. Fla. Aug. 1, 2017). If we denied MTS's motion, it would be limited to two of Mr. Pleshakov's self-serving affidavits. Courts have previously ruled that when there is an issue regarding jurisdiction, the applicant should not be bound solely by self-serving affidavits or conclusions. *See Orchid Biosciences, Inc.*, 198 F.R.D. at 674 (stating that plaintiff should not be bound solely by the contents of self-serving affidavits or Defendant's conclusions that the contacts disclosed are insufficient to establish jurisdiction). Because issues of fact exist on where Mr. Pleshakov's resides – and Mr. Pleshakov is the only person with knowledge on this matter – a jurisdictional deposition should be permitted to resolve this dispute and afford MTS the opportunity to gather relevant facts. *See also Edwards v. Associated Press*, 512 F. 2d 258, 263 n. 8 (5th Cir. 1975) (implying

that the taking of testimony is appropriate when there is a jurisdictional dispute.); *see also Agnew*, 80 F.R.D. at 508 (stating that "where necessary to resolve jurisdictional disputes, the taking of testimony is appropriate."). For these reasons, MTS's motion to authorize a jurisdictional deposition is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, MTS's motion to authorize a jurisdictional deposition is hereby **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of July 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge